IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LIEBRO,                     )
       Plaintiff,            )
                         )
       v.                )    Civil Action No. 05-284 J
                         )
J.G. MRAVINTZ, et al.,      )
       Defendants.       )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Partial Motion to Dismiss (Docket No.22)

submitted on behalf of defendants Shafer, Ross and Wadsworth, be denied.

II. Report:

Presently before the Court for disposition is a motion to dismiss submitted on behalf of

defendants, Shafer, Ross and Wadsworth.

John Liebro, who at the time the complaint was filed was an inmate at the State

Correctional Institution at Somerset has presented a civil rights complaint which he has been

granted leave to prosecute in forma pauperis. In his complaint, Liebro alleges that on June 10,

2004, while so incarcerated, he was slammed into a wall by defendant Mravintz and was injured;

that he requested defendant Ross to call for medical assistance and he did nothing; that defendant

Shafer stood by and did nothing about the incident and that defendant Ross refused to call for

medical attention until the plaintiff returned his handcuffs which the plaintiff refused to do, and

that defendants Shafer, Ross and Wadsworth conspired to cover-up the incident. These events are

said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes

the jurisdiction of this Court pursuant to Sections 1331 and 1343 of Title 28, United States Code.

Named as defendants are four members of the prison staff three of whom now move to dismiss.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be

accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d

Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are

construed. Haines v. Kerner, 404 U.S. 519 (1972).

While the movants correctly observe, liability cannot be imposed upon a theory of

respondeat superior or for lack of participation in the events alleged, A.M. v. Luzerne, 372 F.3d

572 (3d Cir.2004), it can be imposed for participation in the events charged. Here the plaintiff

contends that he was assaulted by one officer, that two other officers refused to secure medical

attention for him and that three of the officers conspired to conceal the events which had

occurred. Because, if proven to be true these events might set forth a claim upon which relief

may be granted, it is recommended that the partial motion to dismiss be denied.

Within ten (10) days after being served, any party may serve and file written objections to

the Report and Recommendation. Any party opposing the objections shall have seven (7) days

from the date of service of objections to respond thereto. Failure to file timely objections may

constitute a waiver of any appellate rights.

                                                      Respectfully submitted,

                                                      s/Robert C. Mitchell,

Dated: November 10, 2005                          United States Magistrate Judge